| | |
|---|---|
| DISTRICT COURT OF ARAPAHOE COUNTY, STATE OF COLORADO<br>7325 S. Potomac Street,<br>Centennial, Colorado 80112<br>_____<br><br>**Plaintiffs: KATIE HARRISON and CARL-LESLIE SENOSIER-MESSAN, individually and on behalf of all others similarly situated,**<br><br>v.<br><br>**Defendant: UNITED AIRLINES, INC., a Delaware corporation.**<br>_____<br>*Attorneys for the Plaintiffs:*<br><br>  Adam M. Harrison, #50553<br>  Cynthia J. Sánchez, #55999<br>  HKM Employment Attorneys LLP<br>  518 17th Street, Suite 1100<br>  Denver, Colorado 80202<br>  Phone: (720) 255-0370<br>  E-mail: aharrison@hkm.com<br>         csanchez@hkm.com | DATE FILED: May 21, 2024 6:17 PM<br>FILING ID: F0265A80E3744<br>CASE NUMBER: 2024CV31089<br><br><br><br>▲COURT USE ONLY▲<br><br>_____<br><br>Case Number:<br><br>Division: |
| **INDIVIDUAL AND CLASS ACTION COMPLAINT** ||

   The Plaintiffs, Katie Harrison ("Harrison") and Carl-Leslie Senosier-Messan ("Senosier-Messan") (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, by and through their undersigned attorneys at HKM Employment Attorneys LLP and pursuant to Article XVIII, Section 15 of the Colorado Constitution, the Colorado Wage Act, C.R.S. § 8-4-101 *et seq*. ("CWA"), the Colorado Minimum Wage Act, C.R.S. § 8-6-101 *et seq.* ("CMWA"), and the Colorado Overtime and Minimum Pay Standards ("COMPS") Order, 7 C.C.R. 1103-1 (collectively, "Colorado Wage and Hour Law"), submit the following Individual and Class Action Complaint ("Complaint") against the Defendant, United Airlines, Inc. ("United" or "Defendant"), a Delaware corporation, and state as follows:

1

# EXHIBIT A

## NATURE OF COMPLAINT

1. Colorado Wage and Hour Law requires employers to pay employees their agreed wage rates, which must be at least the applicable minimum wage, for all time worked. 7 C.C.R. 1103-7, Rule 3. "Time worked" includes, *inter alia*, all of the time that an employee is required or permitted "to be on the employer's premises, on duty, or at a prescribed workplace." 7 C.C.R. 1103-7, Rule 1.9; *see also* Colo. Dept. of Labor and Empl., Div. of Lab. Standards and Statistics, Interpretive Notice & Formal Opinion ("INFO") #20A (attached as **Exhibit 1**).

2. The Plaintiffs bring this case pursuant to Colorado Wage and Hour Law on behalf of themselves and hundreds of other individuals ("Class Members") who worked for United as flight attendants in Colorado during the period from May 13, 2018[1] to the present ("Relevant Period").

3. At all times during the Relevant Period, United had a uniform policy of paying Class Members wages for only their "flying hours," *i.e.*, the time between the pilots' release of the break at the beginning of a flight and the plane coming to the stop at the end of the flight ("Flying Hours Policy"). United did not pay Class Members wages, or even the applicable minimum wage rates, for the other hours they spent on duty and/or at their prescribed workplaces within the State of Colorado.

4. As a result of its Flying Hours Policy, United violated the rights of the Plaintiffs and the other Class Members under Colorado Wage and Hour Law.

5. At all times relevant to this Complaint, United knew, or through the exercise of reasonable diligence should have known, that its Flying Hours Policy violated Colorado Wage and Hour Law. As such, the Defendant's violations were willful as a matter of law.[2]

6. On behalf of themselves and the other Class Members, the Plaintiffs seek unpaid wages, unpaid minimum wages, unpaid overtime compensation, mandatory penalties under C.R.S. § 8-4-109(3)(b)(I), additional penalties under C.R.S. § 8-4-109(3)(b)(II), reasonable

---

[1] *See Perez v. By the Rockies, LLC*, 2023 COA 109, ¶ 1 (holding that six-year statute of limitations applies to claims brought under the CMWA).

[2] *See Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1270 (10th Cir. 2011) (holding that wage violation is "willful" if the employer knew or should have known that its actions violated the law); *see also* C.R.S. § 8-4-109(3)(b)(II) (additional penalties applicable to willful violations of the CWA); *see also* C.R.S. § 8-4-122 (three-year statute of limitations for willful violations).

attorney's fees, costs, costs of administration, and all other and further remedies that the Court may find to be equitable and just. *See* C.R.S. §§ 8-4-109(3), 8-4-110, 8-6-118.[3]

## PARTIES

7. Harrison is an individual who resides at 2901 6th Avenue S., Billings, Montana 59101. She may be reached through her attorneys at HKM Employment Attorneys LLP, 518 17th Street, Suite 1100, Denver, Colorado 80202. Senosier-Messan is an individual who resides at 941 Monroe St., Denver, Colorado 80206. He may be reached through his attorneys at HKM Employment Attorneys LLP, 518 17th Street, Suite 1100, Denver, Colorado 80202.

8. At all times relevant to this Complaint, the Plaintiffs were "employees" who worked for United in Colorado and were therefore subject to the protections of Colorado Wage and Hour Law. *See* C.R.S. § 8-4-101(5); 7 C.C.R. 1103-7, Rule 1.5.[4]

9. United is a Delaware corporation with its principal office at 233 S. Wacker Drive, WHQCT – 14th Floor, Chicago, Illinois 60606. The Defendant may be found, and will be served, through its registered agent, C T Corporation System, 7700 E. Arapahoe Rd., Suite 220, Centennial, Colorado 80112.

10. At all times relevant to this Complaint, United was an "employer" subject to the requirements and prohibitions of the CWA and its implementing regulations. *See* C.R.S. § 8-4-101(6); 7 C.C.R. 1103-7, Rule 1.6; *see also* C.R.S. § 8-1-111.

## FACTUAL BACKGROUND

11. United is a Delaware corporation that is headquartered in Chicago, Illinois.

12. At all times relevant to this Complaint, United did business in Colorado.

13. Harrison was employed by United as a flight attendant from February 16, 2015 to March 17, 2023.

---

[3] *See also* 7 C.C.R. 1103, Rule 4 (requiring overtime compensation for hours worked over 40 per week, 12 per day, or 12 per shift); *see also Graham v. Zurich Am. Ins. Co.*, 2012 COA 188, ¶¶ 12-14 (holding that penalties are mandatory under the CWA if an employer does not tender wages due within 14 days of a written demand).

[4] *See also* C.R.S. § 8-1-111 ("The director is vested with the power and jurisdiction to have such supervision of every employment and place of employment" within the State of Colorado).

3

14. Harrison was originally based out of San Francisco, California. On May 1, 2022, she transferred to United's Denver base in Colorado.

15. Throughout her employment, Harrison regularly worked for United at the Denver International Airport ("DEN") in Colorado.

16. DEN is located within the City and County of Denver.

17. Senosier-Messan has been employed by United since February 2022, and has been based out of Colorado since April 2022.

18. Hundreds of flight attendants ("Class Members") worked for United in Colorado during the period from May 13, 2018 to the present ("Relevant Period").

19. At all times during their employment, the Plaintiffs were hourly employees. Harrison's final rate of pay was $48.98 per hour. Senosier-Messan's current rate of pay is $32.59 per hour.

20. Like the Plaintiffs, the other Class Members were hourly employees.

21. At all times during the Relevant Period, United had a uniform policy of paying flight attendants wages for only their "flying hours," *i.e.*, the time between nthe pilots' release of the break at the beginning of a flight and the plane coming to the stop at the end of the flight ("Flying Hours Policy").

22. Class Members received a "per diem" of approximately $2.00 per hour for their non-flying work hours, but were not paid wages or minimum wages.

23. Based on this Flying Hours Policy, United did not pay wages or minimum wages to the Plaintiffs and the other Class Members for the hours they were required to work, but that were non-flying hours, including:

   a. The hours that Class Members spent performing pre-flight job duties prior to the closing of the boarding door at DEN;

   b. The hours between the time that Class Members arrived at the plane, which they were required to do 45 minutes to 75 minutes prior to the scheduled departure, and the closing of the boarding door at DEN;

   c. The hours Class Members worked on the plane between the opening of the boarding door and the time that they stopped assisting with deplaning and performing other work duties for United at DEN;

   d. The hours that Class Members spent traveling between planes at DEN; and

    e. The many hours Class Members spent at the gate prior to boarding as a result of delays.

  24. During these unpaid, non-flying work hours, the Plaintiffs and the other Class Members were required to be at their prescribed work site, *i.e.*, the plane to which they were assigned, DEN, or the gate at which the plane to which they were assigned was scheduled to arrive.

  25. During these unpaid, non-flying work hours, the Plaintiffs and the other Class Members were required to be in uniform, and to abide by the policies, practices, and procedures of United.

  26. Because they were in uniform and on duty, the Plaintiffs and the other Class Members were required to address any passenger concerns, perform pre-flight duties, and (in the case of United's many delays) provide regular water services to passengers during these non-flying work hours.

  27. Moreover, the Plaintiffs and the other Class Members were subject to discipline if/when they were accused of violating United's policies and practices during the non-flying work hours.

  28. In short, the unpaid non-flying work hours belonged to, and were controlled by United. The Plaintiffs and the other Class Members were not at liberty to utilize these hours for their own purposes.

  29. Based on the Flying Hours Policy, United has failed to pay each of the Plaintiffs for hundreds of hours that they worked in Colorado. For example, on Wednesday May 9, 2024, Senosier-Messan worked nine hours for United, but was only paid for three hours, $32.59, plus $2.20 per hour for the other six hours that he worked.

  30. The Denver minimum wage, which is the minimum wage rate applicable to the Plaintiffs and the other Class Members who are currently employed by the Defendant, is $18.29 per hour.

  31. The Plaintiffs are not currently in possession of the records necessary to determine all of the hours that they worked for United in Colorado, for which they were paid less than the applicable minimum wage. Those records should be in the Defendant's possession and will be sought in discovery during this action.

  32. To the best of Harrison's knowledge and recollection, she estimates that she worked an average of 14 unpaid hours per week in Colorado during the period from February 2015 to May 2022, and that she worked an average of 28 unpaid hours per week in Colorado from May 2022 to March 2023.

33. To the best of Senosier-Messan's knowledge and recollection, he estimates that he works an average of eight to fifteen unpaid hours per week.

34. Based on her observations, recollection, and conversations with other flight attendants during and after her employment with United, Harrison is aware that other Class Members worked similar numbers of unpaid hours each week.

35. Similarly, based on his own observations, recollection, and conversations with other flight attendants during his employment, Senosier-Messan is aware that other Class Members worked and continue to work many unpaid hours at DEN each week.

36. On many occasions, the non-flying hours the Plaintiffs and the Class Members were required to work resulted in hours over 40 per week, 12 per day, and/or 12 per shift.

37. As a result of the Flying Hours Policy, United does not pay Class Members overtime compensation at a rate of one and one-half times their regular rates of pay for all of the hours that they work over 40 per week, 12 per day, and/or 12 per shift.

38. At all times relevant to this Complaint, United knew or, through the exercise of reasonable diligence should have known, that its failure to pay the Plaintiffs and the other Class Members wages and/or minimum wages for the non-flying work hours that they worked violated Colorado Wage and Hour Law. As such, the Defendant's actions were willful.

39. This complaint constitutes a CWA written demand that United immediately compensate the Plaintiffs and the other Class Members for all of the non-flying work hours that they worked during the Relevant Period.

## **CLASS ALLEGATIONS**

40. The Plaintiffs incorporate the allegations in the paragraphs above as if fully set forth herein.

41. In addition to bringing their claims individually, the Plaintiffs also bring this case as a class action under C.R.C.P. 23 on behalf of all individuals who worked for United as flight attendants in Colorado during the period from May 13, 2018 to the present. This Class satisfies the prerequisites and requirements of C.R.C.P. 23:

    a. The Class consists of hundreds of employees and former employees. Joinder of all such employees would be impracticable.

    b. There are questions of law and fact that are common to the Class and that predominate over issues affecting only individual Class Members, including but not limited to:

    i.    Whether the unpaid, non-flying hours that are at issue were "time worked" under Colorado Wage and Hour Law;

    ii.    Whether United violated the CWA by failing to pay Class Members wages for their non-flying work hours;

    iii.    Whether United violated the CMWA by failing to pay Class Members the minimum wage for their non-flying work hours; and

    iv.    Whether Defendant's violations of Colorado Wage and Hour Law were "willful" as a matter of law.

42. The Plaintiffs' claims are typical of the Class Members' claims because they were subject to the Flying Hours Policy that is at issue in this action. As a result of the Flying Hours Policy, United failed to pay the Plaintiffs for hundreds of hours that they were required to work.

43. The Plaintiffs will fairly and adequately protect the interests of the Class. They have retained counsel that is experienced in wage and hour class litigation. The Plaintiffs and their counsel are free from any conflicts of interest that might prevent them from pursuing this action on behalf of the Class.

44. The prosecution of this case as a class action is superior to other methods of adjudication. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant and would not serve the interests of judicial economy. Adjudications with respect to individual Class Members would as a practical matter be dispositive to the interests of the other Class Members or substantially impair or impede their ability to protect their interests. Moreover, United has acted on grounds generally applicable to the Class and to date, no other Class Member has commenced their own litigation.

## **CLAIM FOR RELIEF**

**FAILURE TO PAY EARNED WAGES/ MINIMUM WAGES IN VIOLATION OF COLORADO WAGE AND HOUR LAW**

**Colo. Const. Art. XVIII § 15**
**C.R.S. § 8-4-101** *et seq.*
**C.R.S. § 8-6-101** *et seq.*
**7 C.C.R. 1103-1**
**D.R.M.C. § 58-1**

45. The Plaintiffs incorporate the allegations in the paragraphs above as if fully set forth herein.

46. Colorado Wage and Hour Law requires employers to pay employees for all time worked. C.R.S. § 8-4-103; C.R.S. § 8-6-106; 7 C.C.R. 1103-1, Rule 1.9.

47. Under Colorado Wage and Hour Law:

> "Time worked" means time during which an employee is performing labor or services for the benefit of an employer, including all time s/he is suffered or permitted to work, whether or not required to do so. 1.9.1 Requiring or permitting employees to be on the employer's premises, on duty, or at a prescribed workplace (but not merely permitting an employee completely relieved from duty to arrive or remain on-premises) — including but not limited to, if such tasks take over one minute, putting on or removing required work clothes or gear (but not a uniform worn outside work as well), receiving or sharing work-related information, security or safety screening, remaining at the place of employment awaiting a decision on job assignment or when to begin work, performing clean-up or other duties "off the clock," clocking or checking in or out, or waiting for any of the preceding — shall be considered time worked that must be compensated.

7 C.C.R. 1103-1, Rule 1.9; *see* **Ex. 1**.

48. Under the CWA, employers must pay employees their agreed wage rate, which must be at least the applicable minimum wage, for all hours worked. *See* C.R.S. § 8-4-103; *see also* 7 C.C.R. 1103-1, Rule 3.

49. The CWA declares that "[a]ny agreement… purporting to waive or modify [an] employee's rights in violation of this article shall be void." C.R.S. § 8-4-121; *see Barlow v. Westin DEN Operator*, LLC, No. 1:20-cv-01612-DDD-KLM, 2020 WL 12432191, at *3 (D. Colo. Dec. 2, 2020) (holding that Colorado Wage and Hour Law, not the union's collective bargaining agreement, governed minimum wages owed to union employees at DEN).

50. Under the CMWA, employers must pay employees at least the applicable minimum wage, which in the City and County of Denver must be at least the Denver minimum wage, for all time worked. *See* 7 C.C.R. 1103-7, Rule 3; *see id.*, Rule 3.2 ("If an employee is covered by multiple minimum or overtime wage requirements, the requirement providing a higher wage, or otherwise setting a higher standard, shall apply"); *see also* D.R.M.C. § 58-1 *et seq.* (mandating minimum wage for employees who work in the City and County of Denver).

51. The wages/compensation due to employees under Colorado Wage and Hour Law generally must include overtime compensation at a rate of one and one-half times the employees' regular rate(s) of pay for all hours worked in excess of 40 per week, 12 per day, and/or 12 per shift. *See* 7 CCR § 1103-1: Rule 4.1.

52. Employers who violate the CWA by failing to pay wages/compensation earned by an employee, and who continue to violate the Act by failing to tender such wages/compensation within 14 days of receiving a "written demand" are liable for either: (A) treble damages, if the employee is not able to show that the employer's wage violation was "willful;" or (B) quadruple damages, if the employee is able to show that the violation was willful. C.R.S. § 8-4-109(3)(a)-(b); *see Graham.*, 2012 COA 188 at ¶¶ 12-14.

53. In addition, employers who violate the CWA are presumptively liable for attorney's fees and costs incurred by the employee in obtaining their unpaid wages. C.R.S. § 8-4-110(b); *Lester v. Career Bldg. Acad.*, 338 P.3d 1054, 1058 (Colo. App. 2014) (holding that CWA contains rebuttable presumption that prevailing employee is entitled to fees and costs).

54. Employers who violate the CMWA by failing to pay minimum wages and/or overtime compensation for hours worked over 40 per week and/or 12 per day/shift are liable for the unpaid minimum wages and/or overtime compensation, plus reasonable attorney's fees and costs. *See* C.R.S. § 8-6-118.

55. At all times relevant to this Complaint, the Plaintiffs and the other Class Members were "employees" who worked for United in Colorado and were therefore subject to the protections of Colorado Wage and Hour Law. *See* C.R.S. § 8-4-101(5); 7 C.C.R. 1103-7, Rule 1.5.

56. At all times relevant to this Complaint, United was an "employer" subject to the requirements and prohibitions of Colorado Wage and Hour Law. *See* C.R.S. § 8-4-101(6); 7 C.C.R. 1103-7, Rule 1.6.

57. As a result of its Flying Time Policy, United violated the CWA by failing to pay the Plaintiffs and the other Class Members their hourly wage rates for all of the time that they worked, and by failing to pay overtime compensation to the Class Members at a rate of one and one-half times their regular rates for all of the hours that they worked over 40 per week, 12 per day, and/or 12 per shift. *See* C.R.S. § 8-4-103, 7 C.C.R. 1103-7, Rules 3 and 4.

58. As a result of its Flying Time Policy, United also violated the CMWA by failing to pay Class Members the Denver minimum wage for all of the time that they worked, and by failing to pay overtime compensation to the Class Members at a rate of one and one-half times the Denver minimum wage for all of the hours that they worked over 40 per week, 12 per day, and/or 12 per shift. *See* 7 C.C.R. 1103-7, Rules 3 and 4.

59. Because United knew, or through the exercise of reasonable diligence should have known, that its Flying Time Policy violated Colorado Wage and Hour Law, the Defendant's violations were willful. *See Mumby*, 636 F.3d at 1270; *see also* C.R.S. § 8-4-109(3)(b)(II); *see also* C.R.S. § 8-4-122.

60. Based on its violations of Colorado Wage and Hour Law, United is liable to the Class Members for unpaid wages, unpaid minimum wages, unpaid overtime compensation, mandatory penalties under C.R.S. § 8-4-109(3)(b)(I) (if full payment of all wages is not tendered within 14 days of United's receipt of this Complaint), additional penalties under C.R.S. § 8-4-109(3)(b)(II), reasonable attorney's fees, and the costs incurred by the Plaintiffs and the other Class Members in this action. *See* C.R.S. §§ 8-4-109(3)(b), 8-4-110; C.R.S. § 8-6-118.

## RELIEF SOUGHT

For the reasons set forth above, judgment should be entered for the Plaintiffs, and against the Defendant, and the Court should award the Plaintiffs and the Class Members:

1. A declaratory judgment condemning the Defendant's violations of Colorado Wage and Hour Law;

2. A permanent injunction prohibiting the Defendant from continuing to violate Colorado Wage and Hour law;

3. At the earliest practicable time, the Court should certify the Class, appoint the Plaintiffs and their counsel to represent the Class, and authorize notice of this action to be sent to all potential Class Members;

4. Unpaid wages and/or minimum wages in amounts to be determined at trial;

5. Mandatory penalties under C.R.S. § 8-4-109(3)(b)(I) in an amount to be determined at trial;

6. Additional penalties under C.R.S. § 8-4-109(3)(b)(II) in an amount to be determined at trial;

7. The Plaintiffs' and Class Members' reasonable attorney's fees;

8. The costs incurred by the Plaintiffs and the Class Members in this action;

9. The costs of class administration; and

10. All other and further relief that the Court or the jury may find to be equitable, appropriate, and just.

Respectfully submitted on this 21st day of May, 2024.

*/s/ Adam M. Harrison*
_____

> Adam M. Harrison, #50553
> Cynthia J. Sánchez, #55999
> HKM Employment Attorneys LLP
> 518 17th Street, Suite 1100
> Denver, Colorado 80202
> Phone: (720) 255-0370
> Fax: (720) 668-8989
> E-mail: aharrison@hkm.com
>         csanchez@hkm.com
>
> *Counsel for Plaintiffs Katie Harrison and Carl-Leslie Senosier-Messan, individually and on behalf of all others similarly situated*

11